**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALFREDO QUIEJ GUIX,<br><br>               Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>               Respondent. | No. 12-72523<br><br>Agency No. A070-223-731<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 18, 2014[**]

Before:  LEAVY, FISHER, and N.R. SMITH, Circuit Judges.

Alfredo Quiej Guix, a native and citizen of Guatemala, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT").  We have

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny the petition for review.

Quiej Guix testified that guerrillas tried to forcibly recruit him in the 1980s, and that he continues to fear they will harm him if he returns to Guatemala. Substantial evidence supports the agency's conclusion that Quiej Guix failed to establish that guerrillas targeted him on account of a protected ground. *See INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992) (whether direct or circumstantial, some evidence of a persecutor's motive must be provided to establish eligibility for asylum); *see also Pedro-Mateo v. INS*, 224 F.3d 1147, 1151 (9th Cir. 2000) (absent evidence of some discriminatory purpose, efforts to forcibly recruit the applicant do not compel a finding of persecution). Quiej Guix does not raise any arguments in his opening brief regarding the BIA's findings regarding his proposed social group. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not supported by argument are deemed waived). Substantial evidence also supports the agency's finding that Quiej Guix did not establish a well-founded fear of future persecution. *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (possibility of future persecution too speculative). Accordingly, Quiej Guix's aslyum claim fails.

Because Quiej Guix failed to meet the lower burden of proof for asylum, his claim for withholding of removal necessarily fails. *See Zehatye*, 453 F.3d at 1190.

Finally, substantial evidence supports the agency's denial of CAT relief because Quiej Guix failed to establish it is more likely than not that he would be tortured by or with the consent or acquiescence of the government if returned to Guatemala. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

**PETITION FOR REVIEW DENIED.**